# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY L. CURLIS,<br><br>　　　　　　　　Plaintiff(s),<br>　vs.<br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA, et al.,<br><br>　　　　　　　　Defendant(s). | CASE NO. 15cv1123-LAB (JLB)<br><br>**ORDER PERMITTING<br>SUPPLEMENTATION OF<br>RESPONSE RE: VENUE** |

Plaintiff Cindy Curlis filed a complaint naming both the Life Insurance Company of North America (CIGNA) and her employer, Cricket Communications, LLC, as Defendants. The complaint, however, made only a few factual allegations regarding Cricket, none of which attempted to show Cricket's liability. Nor did the complaint seek any relief from Cricket individually.[1] Rather, all allegations and claims were made against CIGNA. The only allegation concerning Cricket was that the plan under which Curlis was denied benefits was "sponsored and administered" by Cricket. (Compl., ¶ 9.) The complaint went on, however, to allege that CIGNA was the administrator, and supported this allegation with lengthy, specific, and substantial allegations showing that CIGNA, rather than Cricket, made the decision to deny benefits. The complaint also named Cricket Communications, Inc. Long-

---

[1] The complaint seeks relief against all Defendants collectively, but the allegations suggest any benefits to be paid would be paid at CIGNA's direction, out of Plan funds, and any costs or fees would be paid by CIGNA and not Cricket.

Term Disability Plan as a Defendant, but made no allegations concerning where it was located or could be found.

This presented a venue question, because neither Curlis nor CIGNA are located in this District. Nor did it appear the Plan was administered here, nor that the decision to deny benefits was made here, nor that benefits would or should have been paid here. Although the complaint alleges that Cricket has its principal place of business in this District, no allegations showed that CIGNA is subject to personal jurisdiction here, nor that any Defendant did anything in this District giving rise to Curlis' claims.

The Court therefore ordered Curlis to file a response explaining why venue is proper here, cautioning her that if she failed to show cause within the time permitted, the case would be dismissed. The order also permitted her to identify another district where she thought this case should be transferred, if venue were found to be improper here.

Curlis filed her response, but it fails to address venue problems adequately. In particular, the response does not explain why Cricket, though named in the caption as a Defendant, is in fact a proper Defendant. *See, e.g., Smith v. Life Ins. Co. of N. Am.*, 2014 WL 1330936, slip op. at *2–3 (N.D.Al., Mar. 31, 2014) (where defendant merely named disability plan as a defendant without identifying any wrongdoing on its party, the plan was not a proper defendant). The Court's order pointed out this problem, but the response did not address it. But even worse — the response attaches a document showing that Cricket's principal place of business is not, in fact, in this District, but rather is in Atlanta, Georgia. (*See* Response, Ex. 1.)

With regard to CIGNA, the response cites old case law whose holdings have more recently been explained further. It quotes *Varsic v. U.S. District Ct. for Central Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979), as follows:

> In view of the legislative history of the ERISA venue provision, as well as Congress' very choice of the word, we conclude that Congress intended that "found," as used in section 1132(e)(2), has the same broad application as it does in cases involving the antitrust and copyright venue provisions. Therefore, if personal jurisdiction is properly asserted over the [defendant], it is "found" there.

The response argues that because both CIGNA and Cricket "may be found" in California, venue is proper here. Leaving aside the question about Cricket's status as a proper Defendant, the response does not show that personal jurisdiction over either CIGNA or Cricket is proper in this District, and thus fails to show that either Defendant may be "found in" this District for venue purposes.

The Supreme Court in 2011 and again in 2014 explained when exercise of personal jurisdiction (specifically, over a company) is proper. *See Daimler AG v. Bauman*, ___ U.S., 134 S.Ct. 746, 751 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ___, 131 S.Ct. 2846, 2851 (2011)) (explaining that general personal jurisdiction over a defendant is proper where the party's affiliations with the venue "are so constant and pervasive 'as to render [it] essentially at home" there).[2] With regard to CIGNA, Curlis merely alleges it has numerous contacts with California; the response does not identify its contacts with this District. But more importantly, *Daimler* makes clear that a company is not "at home" in a forum simply because it is a large company with sales and operations there. In *Daimler*, a subsidiary, Mercedes-Benz, USA, LLC (MBUSA), was incorporated and had its principal place of business outside California but imported Mercedes vehicles to dealers in California, where 10% of all sales of new vehicles in the US took place. *Daimler*, 134 S.Ct. at 752. It had multiple facilities in California, including a regional office, a vehicle prepration center, and a "Classic Center." The Supreme Court held that, even attributing MBUSA's California contacts to Daimler, Daimler was still not "at home" in California. *Id.* at 761–62. The Court noted with disapproval that such an "exorbitant exercise[ ] of all-purpose jurisdiction" would cause a defendant to be at home in every state in which its sales were sizable. Neither the complaint nor the response pleads facts to show that CIGNA is "at home" or "may be found" in this District.

///

---

[2] The complaint does not allege that either Cricket or CIGNA did anything in this District that gave rise to Curlis' claims, so specific personal jurisdiction is not viable as an alternative theory. *See Goodyear*, 131 S.Ct. at 2851 (discussing standard for exercise of specific jurisdiction).

The response also shows that the complaint's allegation regarding Cricket's principal place of business being in this District is inaccurate. The response attaches an exhibit showing its headquarters are in Atlanta, Georgia. (Response, Ex. 1.) While it mentions that Cricket "maintains more than 80 retail stores in San Diego County" and supports this allegation with a map (Response at 3:8–10 and Ex. 2), neither the complaint nor response identify the relationship between Cricket and the stores it "maintains." For example, it does not say whether the stores are owned independently or by Cricket. *See Daimler*, 134 S.Ct. at 751 (noting MBUSA delivered Daimler-manufactured vehicles to independent dealerships in California). Even if the response had explained why Cricket was a proper Defendant in this case, it did not explain why Cricket's contacts with this District rendered it "at home" here, in light of *Daimler* and *Goodyear*.

Curlis declined to identify any district to which this case might be transferred, or to explain why venue was proper there.

Because Curlis filed her response so quickly, well before the deadline the Court set, it may be that she misunderstood the Court's concerns about venue. If Curlis wishes to supplement her response by **June 15, 2015**, she may do so. Otherwise, she should assume the Court will find venue improper in this District. Because she did not show why transfer was preferable to outright dismissal, or to which other district(s) this case could properly be transferred, this case would be dismissed, rather than transferred. Any supplement she files must not exceed seven pages, excluding any appended or lodged materials.

**IT IS SO ORDERED**.

DATED: June 9, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge