# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CINDY L. CURLIS, | CASE NO. 15cv1123-LAB (JLB) |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE RE: VENUE** |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, et al., | |
| Defendants. | |

Plaintiff Cindy Curlis, a resident of Arizona, filed this action bringing ERISA claims arising from denial of her long term disability claim. Of the named Defendants, only Cricket Communications, LLC, her former employer, is found in this District. Life Insurance Company of North America (CIGNA) has its principal place of business in Pennsylvania. The complaint did not make clear what role, if any, Cricket played in the denial of her claims, nor how Cricket might be liable. Nor did it explain how her claims arose in this District.

The Court therefore ordered Curlis to show cause why this action should not be dismissed for improper venue. Curlis filed a response asserting that venue was proper anywhere any Defendant could be "found," but not addressing recent Supreme Court precedent regarding what it meant for an entity to be "found" in a judicial district. The response also conflated this district, the Southern District of California, with the State of

/ / /

California. In a second order, the Court explained why this response was insufficient, and directed Curlis to supplement her response. She has now filed a supplemental brief.

Under ERISA's venue provision, venue is proper in any <u>district</u> where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Although the Court pointed out the difference between the state of California and the Southern District of California, Curlis' responses continue to treat them as one and the same. For example, the response points to events and CIGNA employees in Glendale (which is in the Central District of California), and to CIGNA's presence and activities in California generally, arguing they help show venue is proper here.

Curlis also argued that *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 751 (2015) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ___, 131 S.Ct. 2846, 2851 (2011) should be read narrowly to apply only to non-U.S. entities doing business in the U.S. The Court rejects this approach, which it finds inconsistent with the cases' reasoning and analysis. *See Goodyear*, 131 S.Ct. at 2851 (identifying standard for determining whether sister-state or foreign-country corporations are amenable to suit in the forum); *Daimler*, 134 S.Ct. at 752, 761–62 (analyzing personal jurisdiction over an LLC organized and based in the US, and determining that its California contacts were insufficient to render a defendant amenable to suit in California). *See also id.* at 762 n.20 (noting that merely doing business in a forum is insufficient to support personal jurisdiction).

Curlis has, however, pointed to two factors that may support jurisdiction here. First, she notes that CIGNA issued the policy at issue in this case to Cricket, in this district. This may support specific personal jurisdiction over CIGNA, which in turn could make venue proper here. Second, while she is unsure whether Cricket is a proper Defendant, Cricket is named as the plan's agent for service of process and is formally named as plan administrator in the summary plan description (even though that same document makes clear that benefits determinations are made by CIGNA only, and Cricket serves as the claimant's agent). (*See, e.g.*, Docket no. 9-1 at 16–18 (claim provisions, requiring that written notices of claims be sent to CIGNA, who will make the determination), 13 ("The Employer [Cricket] is acting as

your agent for transactions relating to this insurance. You shall not consider any actions of the Employer as actions of the Insurance Company."))

Although this is a fairly thin argument for proper venue, the Court concludes it would be better tested in adversarial proceedings, after Defendants have appeared in this case (if they wish to challenge it). The order to show cause is therefore **DISCHARGED**, without prejudice to Defendants challenging venue or personal jurisdiction, and without prejudice to any party later seeking transfer.

**IT IS SO ORDERED**.

DATED: June 18, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge